Dore, J.
(dissenting in part). In view of the unique state of facts herein disclosed, all the papers submitted by plaintiffs in support of the order of arrest were in my opinion sufficient in this equity action under section 827 of the Civil Practice Act, to satisfy the requirements for such order, including the danger that a judgment or order of the court would be rendered ineffectual. The granting of the order of arrest and the denial of the motion to vacate such order were in the discretion of the court at Special Term. On these appeals we should not directly or indirectly pass in advance upon any of the issues in the appeal now pending from the judgment of the Supreme Court against this defendant after trial in an action between these same parties *343 concerning stock of the Swiss corporation known as Leader A. G-. The sole issne now before us is: did Special Term, abuse its discretion in refusing to vacate the order of arrest? In exercising its discretion not to vacate the order of arrest Special Term had before it and could properly consider the findings of fact and conclusions of law in the Leader action. Under all the circumstances disclosed to Special Term at the time, the court did not in my opinion abuse its discretion.
In section 827 of the Civil Practice Act under which alone this order of arrest was made, there is no provision requiring that assets that may be the subject of the action must be in New York State. This action is not in rem but is an equity action against defendant in personam. Neither is there any provision in the section denying the provisional remedy to plaintiffs because they are nonresidents. Numerous cases are cited in plaintiffs’ briefs showing that such orders have been made in cases between nonresidents including cases where the acts complained of took place outside of this State. It is also shown that it was the practice of the English Chancery Court to grant the writ to nonresidents against nonresidents. "When a provision of the Civil Practice Act is intended to be made available only to residents this is expressly provided. This court is sustaining jurisdiction over the action and the provisional remedy should also be available and provision made to make any judgment effectual.
Criminal liability if any is also wholly irrelevant and there is nothing whatever before us to enable us now to pass judicially on the applicability of any statute of limitations.
Defendant could have procured his release by bringing within the jurisdiction of the court or subjecting to its process securities that are the principal subject of the action. If defendant subjects such securities or any substantial part thereof to the jurisdiction of the court of its process, discharge upon diminished bail would be proper. Since the death of the founder of the business, Thomas Bata, defendant had possession of the founder’s assets, but in connection with these proceedings defendant has not submitted any affidavit of his own showing or even alleging that the securities which were part of such assets are not subject to defendant’s control. In circumstances that required him to speak defendant has remained mute and has not appealed from the order reducing bail in the companion appeal (3672).
Accordingly under the unusual facts and eirmumstances herein disclosed I think Special Term did not abuse its dis *344 cretion and I dissent and vote to affirm the order appealed from denying defendant’s motion to vacate the order of arrest.
(3670) Glennon, J.P., and Shientag, J., concur with Van Voorhis, J.; Dore, J., concurs only in result in denial of motion to dismiss the complaint.
Order unanimously affirmed, with $20 costs and disbursements to the respondent.
(3671) Glennon, J. P., and Shientag, J., concur with Van Voorhis, J.; Dore, J., dissents and votes to affirm, in opinion.
Order denying the motion to vacate the order of arrest of August 8, 1950, reversed and motion granted, with costs to appellant. Settle order on notice.
(3672) Glennon, J.P., and’ Shientag, J., concur with Van Voorhis, J.; Dore, J., dissents and votes to affirm.
Appeal from the order of September 5,1950, reducing defendant’s bail to $50,000 dismissed as moot and the order fixing bail vacated. Settle order on notice. [See post, pp. 974,1027.]